UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 16-CR-20655-01

vs.                                           HON. BERNARD A. FRIEDMAN

VINCENT THEODORE FORNEY,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION TO CHALLENGE THE JURISDICTION . . ."**

This matter is presently before the Court on defendant's "motion to challenge the jurisdiction, and motion to vacate judgment and, motion to dismiss and, motion to reverse & dismiss indictment for Fed. R. Crim. P. 6 violations and lack of subject-matter jurisdiction and, motion to dismiss pursuant to Rule 60(b) and, motion to dismiss pursuant to Rule 6(b)(2) and, motion for immediate release" [docket entry 66]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

In 2016, defendant was indicted on charges of conspiracy to engage in sex trafficking of a minor (Count One), sex trafficking of a minor (Count Two), and sex trafficking using force, fraud, and coercion (Count Three). In 2017, defendant entered into a Rule 11 Plea Agreement whereby he pled guilty to Count Two, the factual basis of which was recited as follows:

> In December 2015, Defendant encountered Minor Victim One (MV-1). Defendant knew that MV-1 was under 18 years old. In December 2015 and January 2016, Defendant had MV-1 engage in commercial sex acts in the Detroit area, and shared the proceeds from her "dates." Defendant posted advertisements for MV-1's commercial sex dates on Backpage.com. Defendant provided

> hotel rooms for MV-1 to use during "dates."

Plea Agreement ¶ 1C. The parties agreed that defendant's sentencing guideline range was 151-188 months. *Id.* ¶ 2B. The parties also agreed that defendant's custodial sentence would be at least ten years but not more than the top of his guideline range. *Id.* ¶ 3A. In February 2018, the Court sentenced defendant to 160 months' imprisonment. Defendant did not appeal.

In the instant motion, filed in July 2020, defendant argues that the Court lacked subject-matter jurisdiction over this case. The basis for this argument appears to be that defendant was not "brought to court to attend at the selection of the grand jury" and therefore the indictment charging him with various crimes was "defective" and the charges against him should be dismissed. Def.'s Mot. at 4-5. Defendant also argues that the indictment is defective because "there is 'No' evidence that the indictment in the above captioned case was voted in open court, nor is there evidence that after presentment, the indictment was drafted and resubmitted to the grand jury for approval." *Id.* at 6. Defendant seeks dismissal of the charges, damages "of no less than 10 million dollars and no more than 10 billion dollars," and "immediate release." *Id.* at 10.

Defendant's motion fails both procedurally and substantively. Procedurally, the motion fails because it is grossly untimely. Any alleged "defect in instituting the prosecution, including . . . an error in the grand-jury proceeding" must be raised before trial. Fed. R. Crim. P. 12(b)(3)(A)(v). Further, defendant's "entry of a guilty plea forecloses his ability to challenge the constitutionality of the grand jury selection procedure." *Lane v. United States*, 65 F. Supp. 2d 587, 590 (E.D. Mich. 1999). If the basis for the motion was not reasonably available to defendant at that time (which defendant does not allege), he could possibly raise the issue of a

defective indictment in a motion to vacate his sentence under 28 U.S.C. § 2255, but such a motion is subject to a one-year limitations period, which has expired in this case. *See* § 2255(f).

Defendant's motion fails substantively because he had no right to be present while the grand jury was selected. Grand juries are selected in secret to protect the grand jurors' identities, and no one may be present during the selection process except Court staff and a representative of the United States Attorney's Office. Nor is there any merit in defendant's argument that the indictment is defective because the grand jury's vote was not taken "in open court." Under Fed. R. Crim. P. 6(d)(2), "[n]o person other than the jurors, and any interpreter needed to assist a hearing-impaired or speech-impaired juror, may be present while the grand jury is deliberating or voting." Defendant's statement that "there [is no] evidence that after presentment, the indictment was drafted and resubmitted to the grand jury for approval" is nonsensical, as in this case there was no presentment (i.e., a charge brought by the grand jury on its own initiative), but rather an indictment drafted by an assistant United States Attorney and signed by the foreperson, signifying a vote by at least twelve grand jurors in favor of indicting. For these reasons,

IT IS ORDERED that defendant's "motion to challenge the jurisdiction . . ." is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: August 10, 2020 Senior United States District Judge
Detroit, Michigan

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2020.

| | |
|---|---|
| Vincent Theodore Forney, 54993-039<br>MCCREARY U.S. PENITENTIARY<br>Inmate Mail/Parcels<br>P.O. BOX 3000<br>PINE KNOT, KY 42635 | s/Johnetta M. Curry-Williams<br>Case Manager |