UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                Criminal No. 16-CR-20655-01

vs.                                                    HON. BERNARD A. FRIEDMAN

VINCENT THEODORE FORNEY,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MOTION FOR APPOINTMENT OF COUNSEL**

This matter is presently before the Court on defendant's motion for compassionate release (ECF Nos. 80, 82) and motion for appointment of counsel (ECF No. 81). Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny the motions.

**I.    Motion for Compassionate Release**

Defendant is an inmate at USP Terre Haute in Terre Haute, Indiana. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] He contends:

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

> The unprecedented, deadly threat of COVID-19, OMICRON, and its super contagious subvariant BA.5 could not have been foreseen at Sentencing and pose[] extraordinary risk to [his] health. The Virus thrives in densely packed populations, and the USP Terre Haute is ill-equipped to contain the Pandemic and prevent the spread of COVID-19, OMICRON, and its super contagious Variants from becoming a de facto death sentence for [him].

(ECF No. 82, PageID.390). Defendant adds that his "diagnosed medical conditions also make him especially vulnerable to this Virus." (*Id*.). Specifically, defendant states that one of his lungs only functions at "50% capacity" and he suffers from obesity and chronic asthma. (*Id*., PageID.392-93); *see also* ECF No. 80, PageID.384 (stating the same). Defendant argues that granting his instant motion "is the only prudent response to the Extraordinary and Compelling circumstances created by the novel Variants." (ECF No. 82, PageID.390).

The Sixth Circuit has explained "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts . . . face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id*. (citations omitted).

The Court has considered these factors and concludes that compassionate release

---

reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

would not be appropriate in this case.  The Court acknowledges that defendant's health conditions are among those that may increase an individual's risk of experiencing some of the more severe symptoms from COVID-19, according to the Centers for Disease Control and Prevention.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 6, 2022).  At present, however, the U.S. Bureau of Prisons reports no active COVID-19 cases as USP Terre Haute.  *See* https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 6, 2022).  This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release."  *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020).  *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release.").  Under the present circumstances, the Court is not persuaded that the threat to defendant's health is so severe as to constitute an extraordinary and compelling circumstance within the meaning of the compassionate release statute.

Further, in the instant motion, defendant states that "the number one means" for preventing the spread of COVID-19 is social distancing, which, he contends, "is virtually impossible" at USP Terre Haute.  (ECF No. 82, PageID.392).  He argues that "it is not a matter of if he catches the virus, but rather when he contracts it" and "[w]hen that happens . . . he will likely succumb to it."  (*Id*.).  He further states that the staff at USP Terre Haute "<u>do not</u> wear masks" and have been the source of past COVID-19 outbreaks in the facility.  (*Id*., PageID.393-94) (emphasis in original).

While social distancing and masking are recommended mechanisms for reducing viral transmission, other preventative measures now exist – namely, the various COVID-19

vaccines, which have been made widely available within federal prison facilities. The medical documentation attached to the instant motion does not include defendant's vaccination status. However, the existence and availability of COVID-19 vaccines erode the stated basis for compassionate release. If defendant is fully vaccinated against COVID-19, he is effectively protected against hospitalization and death as a result of contracting the virus. *See* https://www.cdc.gov/media/releases/2022/s0318-COVID-19-vaccines-protect.html (last visited Oct. 6, 2022). Alternatively, if defendant has elected not to receive a COVID-19 vaccine, he may not seek compassionate release on the basis of COVID-19-related health concerns absent a compelling justification. The Sixth Circuit has stated: "[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination." *United States v. Austin*, No. 15-CR-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021).

Moreover, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the 18 U.S.C. § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." Section 3553(a)(2)(A)-(C). These factors counsel against releasing defendant at this time.

On January 31, 2017, defendant pleaded guilty to Count Two of a three-count

indictment (ECF No. 17), which charged him with Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a)(1). (ECF No. 33, PageID.110). The factual basis for defendant's guilty plea is set forth in paragraph 1C of the Rule 11 Plea Agreement as follows:

> In December 2015, Defendant encountered Minor Victim One (MV-1). Defendant knew that MV-1 was under 18 years old. In December 2015 and January 2016, Defendant had MV-1 engage in commercial sex acts in the Detroit area, and shared the proceeds from her "dates." Defendant posted advertisements for MV-1's commercial sex dates on Backpage.com. Defendant provided hotel rooms for MV-1 to use during "dates."

(*Id.*, PageID.111). On February 6, 2018, the Court sentenced defendant to 160 months' imprisonment followed by a five-year term of supervised release. (ECF No. 55, PageID.234-36). Defendant has served just over one-third of his sentence to date. Based on the seriousness of the offense and the small percentage of time-served, the Court concludes that releasing defendant now would undermine each of the important sentencing objectives outlined in § 3553(a).

For all of the above reasons, the Court cannot justify granting defendant compassionate release at this time.

## II.     Motion for Appointment of Counsel

As to defendant's motion for appointment of counsel, the Court concludes that the requested relief is unwarranted. Defendant states that he is a "Layman in Law" with a "7th Grade education." (ECF No. 81, PageID.387). He asserts that an attorney would be able to supplement his motions with additional "Legal Research and relevant Case Law," and states that his instant filings have "some basic deficiencies" because they were drafted with the support of only a "Jailhouse Lawyer." (*Id.*).

"The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice." *United States v.*

*Mullins*, No. 06-20015, 2020 WL 5422300, at *3 (E.D. Mich. Sept. 10, 2020) (citations omitted). As discussed above, defendant has not articulated a colorable basis for granting his motion for compassionate release. Further, although defendant contends that his instant filings suffer from basic deficiencies, the Court finds them to be articulate, well-researched, and demonstrative of defendant's ability to serve as his own advocate. Under the circumstances, appointment of counsel would not be appropriate.

### III. Conclusion

Accordingly,

IT IS ORDERED that defendant's motion for compassionate release (ECF Nos. 80, 82) and motion for the appointment of counsel (ECF No. 81) are denied.

Dated: October 7, 2022
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2022.

Vincent Theodore Forney #54993-039
TERRE HAUTE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

s/Johnetta M. Curry-Williams
Case Manager